UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JANICE FULTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:16CV731 CDP |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

Plaintiff Janice Fulton moves for the appointment of counsel to assist her in this action. I will deny the motion.

## Background

Plaintiff alleges that a United States Postal Service truck struck her vehicle and left the scene, causing injury. Fulton brings this action against the United States for negligence in its employee's operation of the truck. Fulton also brings an alternative claim against her insurer, State Farm Automobile Insurance Company, seeking to recover under the uninsured motorist provision of her policy of insurance for her bodily injuries.

When Fulton originally filed this lawsuit, she was represented by counsel whom she had privately retained. Fulton eventually became dissatisfied with counsel's representation, and their relationship turned acrimonious. Counsel

sought leave to withdraw from this case and, after a hearing at which Fulton stated that she did not want him to continue as her attorney, I granted his request. Immediately after the hearing, Fulton filed this motion for appointment of counsel.

**Discussion**

As an initial matter, I note that Fulton failed to include with her motion a completed financial affidavit for me to consider in ruling her motion. Nevertheless, even if this affidavit had been filed, I do not find the circumstances of this case to warrant the appointment of counsel at this time.

There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Red field Lithograph Printing,,* 728 F.2d 1003, 1004 (8th Cir. 1984). In deciding whether to appoint counsel, I should consider relevant factors, including the factual complexity of the case, the ability of the plaintiff to investigate the facts, the existence of conflicting testimony, and the ability of the plaintiff to present her claims. *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998).

The facts of this case are not complex. Fulton claims that she was injured through the negligence of a postal service employee's operation of a postal truck. At the hearing on counsel's motion to withdraw, Fulton demonstrated an ability to represent her position on the claim, address circumstances relating to its potential resolution, and articulate specific details with unquantifiable determination. She

also represented that by her own effort, she was able to gather documents and records relevant to the case. Whether and to what extent conflicting testimony exists with respect to the substance of Fulton's claim will be evident upon further proceedings in the case. Finally, Fulton's claim does not involve complex issues of law meriting the appointment of counsel. Therefore, because consideration of these relevant factors shows that Fulton is able to adequately present her claim to the Court, I will deny her motion for appointment of counsel.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Janice Fulton's Motion for Appointment of Counsel [49] is denied without prejudice.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 26th day of April, 2017.